IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2005

**IN RE ADOPTION OF J.A.K. & K.R.K.**

**Appeal from the Chancery Court for Lincoln County**
**No. A-186      James B. Cox, Chancellor**

**No. M2005-02206-COA-R3-PT - Filed January 26, 2006**

WILLIAM B. CAIN, J., concurring.

The court reiterates a statement first appearing in a published opinion in *Ray v. Ray*, 83 S.W.3d 726, 733 (Tenn.Ct.App.2001). Quoting from *In Re M.O.*,173 S.W.3d 13, 18-19 (Tenn.Ct.App. 2005, the court says:

The heightened burden of proof required by Tenn. Code Ann. § 36-1-113(c)(1) requires us to adapt Tenn. R. App. P. 13(d)'s customary standard of review for cases of this sort. First, we must review the trial court's specific findings of fact *de novo* in accordance with Tenn. R. App. P. 13(d). Thus, each of the trial court's specific factual findings will be presumed to be correct unless the evidence preponderates otherwise. Second, we must determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements required to terminate a biological parent's parental rights.

I adhere to my longstanding view that oil and water cannot agree and that soda and vinegar cannot dwell placidly in the same bottle. *See Cooper v. State*, 138 S.W. Reporter 826, 832 (Tenn.1911).

I continue to adhere to my view that a preponderance of the evidence standard on the one hand and a clear and convincing evidence standard on the other are completely incompatible with each other both at the trial level and at the appellate level.

My views are exhaustively set forth in *Estate of Acuff v. O'Linger*, 56 S.W.3d 527 (Tenn.Ct.App.2001) perm.app.denied (Oct. 1, 2001) and in *In re Z.J.S. and M.J.P.*, No. M2002-02235-COA-R3-JV, 2003 WL 21266854 (Tenn.Ct.App. June 3, 2003) (no ruling of an app. filed) (Cain, Judge, concurring) and in *State v. R.S. and K.S.*, No. M2002-00919-COA-R3-CV, 2003 WL 22098035 (Tenn.Ct.App. Sept. 11,

2003) (Cain, Judge, concurring), along with *In re K.N.R., et al.*, No. M2003-01301-COA-R3-PT, 2003 WL 22999427 (Tenn.Ct.App.2003); *see also Colorado v. New Mexico*, 467 U.S. 310,104 S.Ct. 2433, 81 L.Ed.2d 247 (1984); *Taylor v. Commissioner of Mental Health*, 481 A.2d 139, 153-54 (Me.1984); *Riley Hill General Contractor, Inc. v. Tandy Corp.*, 737 P.2d 595, 604 (Or.1987); *Beeler v. American Trust Co.*, 147 P.2d 583 (Ca.1944), (Traynor, Justice, dissenting).

*In Re M.J.B.*, 140 S.W.3d 643, 659 (Tenn.Ct.App. 2004).

The evidence in this case is clear and convincing under standards set forth in *Estate of Acuff v. O'Linger*, and I concur in the judgment of the court.

_____
WILLIAM B. CAIN, JUDGE